# United States District Court

## District of Vermont

ROLAND J. PION,
LEITA M. PION,

        Appellants,

     v.

KEVIN BEAN,
TINA BEAN,

        Appellees.

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER: 1:07-CV-272

____ **Jury Verdict.** This action came before the Court for trial by jury. The issues have been Tried and the jury has rendered its verdict.

**X Decision by Court.** This action came to trial or hearing before the Court. The issues Have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order (Doc. No. 4) filed July 11, 2008, the Order of the Bankruptcy Court is AFFIRMED.

Date: July 11, 2008

RICHARD PAUL WASKO
Clerk

_____
(By) Deputy Clerk

JUDGMENT ENTERED ON DOCKET
DATE 07/11/2008

```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

ROLAND PION and LEITA PION,      :
     Appellants,                 :
                                 :
     v.                          :    File No. 1:07-CV-272
                                 :
KEVIN BEAN and TINA BEAN         :
     Appellees.                  :
_____:
```

FILED 2008 JUL 14 AM 9 23 US BANKRUPTCY COURT DISTRICT OF VERMONT

MEMORANDUM OF DECISION

Appellants Roland and Leita Pion (the "Pions") bring this appeal from the Bankruptcy Court's October 22, 2007 Order which granted in part Appellees Kevin and Tina Bean's (the "Beans") motion for partial summary judgment on Count I of their amended complaint. Count I sought a determination that the Pions' debt to the Beans was not dischargeable under 11 U.S.C. § 523(a)(6) because the debt was based on willful and malicious injury. For the following reasons, the Court affirms the Bankruptcy Court's Order.

A district court reviews the Bankruptcy Court's findings of fact for clear error; conclusions of law and mixed questions of law and fact are reviewed de novo. In re United States Lines, Inc. v. Am. Steamship Owners, 197 F.3d 631, 640-41 (2d Cir. 1999).

1

On appeal, the Pions parrot the arguments initially made to the Bankruptcy Court in opposing summary judgment. The Bankruptcy Court's thorough rejection of these arguments, however, was sound.

For one, the Bankruptcy Court correctly found that the Beans' Statement of Undisputed Facts was actually undisputed. These material undisputed facts are set forth in the Bankruptcy Court's Memorandum of Decision at pages 1-5.

Relatedly, the Bankruptcy Court correctly applied collateral estoppel even though the issue(s) litigated before the state court did not result in an explicit finding of willful and malicious injury under § 523(a)(6). See Montana v. United States, 440 U.S. 147, 155 (1979) (direct identity of issues is not required for collateral estoppel to apply); Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (approving application of collateral estoppel to the facts of a debtor's conduct found in a prior proceeding).

Lastly, the Pions' conduct surrounding the various trespass claims, invasion of privacy claim, punitive damages, and contempt order fits easily within § 523(a)(6)'s willful and malicious injury standard. See Kawaauhau v. Geiger, 523 U.S. 57, 63-64 (1998) (explaining that nondischargeability under § 523(a)(6) requires an intentionally-inflicted injury, as opposed to a

2

recklessly or negligently-inflicted injury). As meticulously detailed in the Bankruptcy Court's Memorandum of Decision at pages 9-14, the record is indeed "replete with specific references to the willfulness and malice of the Pions' trespass behavior" and the "vicious conduct" taken by the Pions against the Beans was clearly "motivated by the [Pions'] malicious plan to drive the [Beans] from their home[.]"

Accordingly, for substantially the reasons set forth by the Bankruptcy Court, the Order of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of July, 2008.

>                    /s/ J. Garvan Murtha
>                    J. Garvan Murtha
>                    United States District Judge

**UNITED STATES DISTRICT COURT**

**OFFICE OF THE CLERK**

DISTRICT OF VERMONT

FEDERAL BUILDING

**BURLINGTON, VERMONT 05402-0945**

RICHARD PAUL WASKO
CLERK

☐ P.O. BOX 945
BURLINGTON 05402-0945
(802) 951-6301

☐ P.O. BOX 998
BRATTLEBORO 05302-0998
(802) 254-0250

☐ P.O. BOX 607
RUTLAND 05702-0607
(802) 773-0245

Civil Action No. 1:07-CV-272      Date July 11, 2008

Roland Pion, et al vs. Kevin Bean, et al

## NOTICE TO LITIGANTS

If you wish to appeal the enclosed judgment or order, you must file a Notice of Appeal within 30 days after entry of the judgment or order appealed from (or 60 days if the United States or an officer or agency of the United States is a party). Fed.R.App.P. 4(a)(1). The fee for filing an appeal is $455.00.

If you wish to appeal but are unable to file your Notice of Appeal within 30 days [or 60 days if applicable] after the date of entry shown on line 2 below, then you have an additional 30 days to file a Motion for Extension of Time. The Motion for Extension of Time **must** be filed within 30 days after the date on line 3 below. Every Motion for Extension of Time must contain an explanation which demonstrates "good cause" or "excusable neglect" for failure to file the Notice of Appeal within the time limit required. Fed.R.App.P. 4(a)(5).

**PLEASE TAKE NOTICE**

1. Judgment filed                                           July 11, 2008

2. Date of Entry of Judgment on the
   docket of this court                                     July 11, 2008

3. Notice of Appeal **MUST** be filed
   on or before                                             August 11, 2008

*[signature]*
*Deputy Clerk*